McLean v. Caldwell.

McLEAN v. CALDWELL.

(*Jackson.*    May  18,  1901.)

1. LEASE.   *Purchaser became assignee of, when.*

The purchaser at foreclosure sale of  a leasehold interest in realty assumes, upon taking possession, the relation of a privy in estate with the original lessor, and is treated as an assignee of the lease, having all the rights and incurring all the obligations pertaining to that character.   (*Post, pp. 139–142.*)

Case cited and approved: State *v.* Martin, 14 Lea, 93.

2. SAME.   *Rights and liabilities of assignee.*

The assignee of a lease can, as a general rule, avoid liability for rents, other than those accruing during the term for which he holds possession, by assigning the lease and surrendering possession to some other person; and it makes no difference that such reassignment is made to a beggar, a minor, a married woman, a prisoner, an insolvent, or to one hired to take the assignment, and for the express purpose of avoiding liability for rents.   (*Post, pp. 140, 141.*)

3. SAME.   *Same.*

But the assignee cannot by mere abandonment of possession, without assignment of  the lease, avoid liability  for rents. (*Post, p. 141.*)

4. SAME.   *Same.*

Nor can the assignee of a lease, that provides for  payment of annual rents, avoid payment of rents for the whole year where he holds over, even if he abandons possession and assigns the lease before the expiration of the year.   (*Post, pp. 141, 142.*)

Cases cited: State *v.* Martin, 14 Lea, 92; Snowden *v.* Memphis Park Association, 7 Lea, 225.

FROM  SHELBY.

Appeal  from  Chancery  Court  Shelby  County.    F. H. HEISKELL,  Ch.

McLean *v.* Caldwell.

JAS. M. & C. D. M. GREER for McLean.

R. H. BOYD for Caldwell.

SNODGRASS, C. J. This suit is against the purchasers at a foreclosure sale of a leasehold interest of real property in Memphis. The complainants here are the original lessors. Their lessee was the Coliseum Company, which took of the complainants, on September 19, 1896, a written lease of the property for ten years. The first payment of agreed yearly rental ($300) was to be made when possession was given; the next, August 1, 1898, and every subsequent payment on the first of each succeeding August. The lessee took possession under the written lease, built upon the property, and then assigned all its interest in trust to secure a note, which it failed to pay, and the property was sold to foreclose. The defendants became the purchasers, took deed of conveyance, and entered into possession, thereby becoming assignees of the leasehold, and occupying the relation of privies in estate with the original lessor. *State* v. *Martin*, 14 Lea, 93. They continued to occupy the premises until destroyed by fire, August 10, 1898; then they ceased to occupy, or control, them in any way. They did not, however, reassign the lease to the lessors, or any other person; nor did the lessors take any actual possession, or control, of the premises. On the following fourteenth of September, they notified the lessors they "had not had possession since August 10, 1898, and now sur-

render the same and all right under said lease.''
They did not make, or tender, any formal reassign-
ment of the lease; nor did they, then or thereafter,
make one to the lessors, or any other person.    The
lessors refused to accept this as terminating the as-
signees' liability, and brought an action for rent of
the term.    In that suit it was held they could only
recover yearly rent, and they were, therefore, allowed
recovery to August 1, 1898.    Defendant then ten-
dered the amount which would be due to August
10, 1898, at which time their actual possession
ceased.    The lessors refused to accept it, and brought
this suit for the yearly rent, due August 1, 1898,
for the year ensuing.    The defense made was non-
liability beyond the date of actual occupancy, August
10th, and that, having paid up to August 1st, under
former decree, and tendered the amount due for this
ten days' additional rent, defendants were no further
liable.    They followed up the tender by bringing
this amount into Court, with their answer.    The
Chancellor sustained this defense, and gave judgment
only for the amount tendered, dismissing the bill.
The complainant appealed and assigned errors.

As a general rule, the assignee of a lease is only
liable for rents while in possession, provided he re-
assigns the lease to the lessor or any other person;
and it does not matter that such assignment is
made to a beggar, a minor, a married woman, a
prisoner, or an insolvent, or to one hired to take
the assignment, or made, expressly, to rid himself

of liability. Wood on Landlord and Tenant, p. 556, sec. 349; 10 Wash. R. P., 451; *Tibbals* v. *Iffland*, and authorities cited; *Cong. Soc. of Sharon* v. *Rix et al.*, 17 At. Rep. 719.

The reason is that such reassignment and surrender of possession terminates the privity of estate existing between him and the landlord. If the assignee, to whom such second or later assignment is made, takes possession, the relation of privity in estate with the assigning assignee is transferred to him, and the assignment, with surrender or transfer of possession, ends it in the acting assignee. It, therefore, follows that the assignee can always make his liabilily continue only during his possession. But it does not follow that he cannot by his own acts or omissions make it extend *beyond* actual possession. If he wishes it to extend only during possession, he must reassign his lease, as well as abandon possession. See cases before cited, and see *Bonetti* v. *Treat*, 14 Am. Law Rep., 151, and notes.

And he can only thus escape liability for subsequent, but not for previous, breaches. Wood on Landlord and Tenant, p. 552, sec. 340.

If he omit such reassignmsnt he continues liable. "He cannot escape liability by merely abandoning possession, however brief." Woods on Landlord and Tenant, p. 552, sec. 339.

So he may continue his liability beyond actual possession by holding over after a yearly rental is due before he assigns and abandons. When any

McLean *v.* Caldwell.

rent was due, · while in possession, it was his· duty to pay it.· Failure was a breach of his covenant. In such case he is liable for that year, and, as has been also decided, as upon implied promise to pay. *Cong. Soc. of Sharon* v. *Rix et al.* 17 At. Rep. (Vt.), 719.

That case was, briefly, this : The Society leased to Mosher and Barnard for 999 years, at a yearly rental of $28.50. The covenant was to pay this rent on each 12th of March during continuance of the lease. The lessees conveyed to George Haynes, and Haynes conveyed to defendants. Defendants took possession and paid rent due to March 12, 1885. They· continued in possession to June following, when *they assigned* and *delivered possession* to one Peoples. The 12th of March having passed before the assignment to Peoples and surrender of possession to him occurred, the complainants sued defendants for the year's rent. The defense was that they had assigned so Peoples and abandoned possession in June, and that this *assignment* and *discontinuance of possesson* operated as a surrender of the lease to the plaintiff.

The Court held that, while surrender of · possession, accompanied by assignment, would have that effect, yet as it had not occurred until after the year's rent fell due, on the 12th of March preceding, defendants were liable for the year's rent, notwithstanding such assignment and · abandonment of possession. On these facts the Court held that the

law implied a promise by defendants to pay the rent.

This is the precise condition here. The rent in this case was due on the 1st of August. Defendants held over to the 10th, and thereby became liable for the whole year's rent, and this would be true even had there been a reassignment here, as there was there, after the rent obligation for the year matured. Defendant's counsel rely on this case as holding that mere abandonment of possession is sufficient to release an assignee and one of the headnotes seems to bear out this contention, and so of one expression in the opinion. But, on looking to the opinion, it appears that it was the purpose of the Court to declare that as law in that case, *because there had been an assignment of the lease,* and it appears from the statement of the Court that it was not even the argument of the defendant's counsel that *mere abandonment of possession* operated as a discontinuance of liability, but that it did so *because of the assignment* to Peoples. The general statement of the Court is entirely true as applied to the facts to which alone it is speaking.

The failure of the reporter to limit it to the precise facts is the only reason for assuming that it so decided. As we have seen, the Court did not *decide* that the abandonment and assignment together released defendants under the facts, but held them for the year, because both these occurred after the

date when one year's rent fell due, although the occupancy of defendants had not been for the whole of that year. It is argued, however, that the Martin case, before referred to (14 Lea, 92), decided that the assignee was liable only during his possession. The statement in that case was that "a purchaser under a foreclosure of a mortgage or trust of the leasehold estate is an assignee of the lease, and liable accordingly during his possession of the demised premises," citing Post v. Kearney, 2 N. Y., 394. This is undoubtedly true, and is not open to controversy here or elsewhere. But it was not said in that case, or any other, that he was liable for rents only during his possession, and that case decides that Caruthers, who had been in possession on January 10, 1880, when taxes for that year became due, was liable therefor, notwithstanding he had given up possession and assigned to Shields in November, 1880, and, of course, before the close of the year. The taxes being due January 10, 1880, his later abandonment of possession and assignment did not relieve him from a prior charge. It is, therefore, direct authority against the contention of defendants, because they became liable for rents August 1, 1898, and in no event yielded possession before August 10, 1898.

Again, it is argued that the case of Snowden v. The Memphis Park Association, 7 Lea, 225, decides that an assignee may, without more, abandon possession and be relieved from liability for rents. That

case does decide that a purchaser of a leasehold interest, who disclaims it and *never* takes possession, is not liable — not that one who has purchased and taken possession can escape liability by merely abandoning possession, without more.    The language of the Court is as follows :    '' But the complainant has also appealed, and insists that the Chancellor erred in refusing to hold Zent liable, as purchaser of the lease, for all rents and taxes that accrued after that date.    We are of opinion, however, that said defendant may be permitted to disclaim all interest under his purchase.    His answer denies that he took possession of the leased premises, or set up any claim thereunder, and there is no proof to overturn his answer ; on the contrary, it was admitted that he would testify in support of his answer, and that this might be taken as his testimony.'' (P. 231.)

This being true, no privity of estate was ever established between the purchaser of the leasehold and the original lessor, for it requires both a purchase of the lease and possession thereunder to establish such privity.    But, when the purchase is once made and possession taken, the relation is established, and no case can be found showing it ever dissevered, except by reassignment to some one, and abandonment of the possession.    The reason why this works disseverance is because: first, if the assignment is to the lessor, it restores to him the assignee's right ; second, if to another who takes

23 p—10

possession, it puts the last assignee, instead of his assignor, in privity with the landlord; and, third, if to any assignee who does not take possession, it ends the privity of the assigning assignee, and, if the last assignee does not take possession, no other privity is established, and the whole interest reverts to the lessor. But it is said that this last result follows on mere abandonment, and we are cited to cases holding that, upon abondonment of possession at the end of a lessee's term, or during his term, the right of entry and possession is in the *lessor* from the moment of abandonment, whether he knows of it or not. *Frank* v. *Nichols*, 6 Mo., 42; *May* v. *Luckett*, 48 Mo., 472.

This is true, but is beside the question here. That the lessor has the *right* of entry is not disputed, and that no third person can deprive him of it, not even a purchaser *in invitum*, is not disputed, but such an abandoment during the term does not release the lessee, nor work a surrender of the premises unless it is assented to by the lessor, and such acceptance must be shown by words or acts. Tiedeman on Real Property, Sec. 198, and notes.

It must be remembered that we are not dealing with the question whether on abandonment by a lessee, or his assignee, the original lessor has not and may not exercise the right of entry and assert his claim to possession against anybody. We are dealing only with the question of how an assignee

McLean *v.* Caldwell.

of a lease, who has taken possession, may divest himself of liability. That he cannot do so by mere abandonment seems nowhere to be disputed.

We have stated that, in this case, the assignees had made no formal reassignment of the lease. Whether their letter of September 14 should be treated as equivalent, it is not necessary now to decide, inasmuch as if it were, being sent after the liability had accrued, on August 1, 1898, it is immaterial.

The decree of the Chancellor is reversed and decree rendered here in favor of complainants for $300, interest and cost.