SANDER v. PIGGLY WIGGLY STORES, INC., et al.—95 S. W. (2d), 1266.

Middle Section.   February 8, 1936.

Petition for Certiorari denied by Supreme Court, July 3, 1936.

Joseph W. Gray and Frank Wade, both of Nashville, and Walter O. Marshburn, of Miami, Florida, for appellant Southern Stores Corporation.

W. E. Norvell, Jr., and Norman R. Minick, both of Nashville, and Thomas, Thomas & Folts, of Chattanooga, for appellee Sander.

CROWNOVER, J.  This is a suit to enforce a rental or lease contract, covering a term of years, against the assignees, who had assumed the covenants of same.

The original bill was filed by Bert P. Sander, on October 28, 1931, against the original lessee, the Piggly Wiggly Stores, Inc.; its assignee, the Southern Stores Corporation; and its assignee, the Winn & Campion Grocery Company, to collect $2,700 rent.

The bill alleged that complainant Sander, in February, 1923, leased to Piggly Wiggly Stores, Inc., a storehouse in Hamilton county, Tenn., for a period of 5 years from October, 1922, at an agreed yearly rental of $1,200, payable in monthly installments of $100; that the lease provided that the lessee should have the option to extend the lease for a further period of five years from the expiration of the initial term, upon giving written notice of its election so to do at least 30 days before the expiration of the term; that Piggly-Wiggly Stores, Inc., went into possession under the lease, and, in accordance with the option provided in the lease, elected to renew same for an additional 5-year period, by which the lease was extended to and until the 31st day of October, 1932.

The bill further alleged that the Piggly Wiggly Stores, Inc., in 1928, assigned its interest in said lease to the Southern Stores Corporation, which company assumed the liabilities and "became bound by the covenants contained in said lease and became obligated to pay the rent provided by the terms of said lease, but said assignment did not release the defendant, Piggly Wiggly Stores, Inc., from its obligations to perform and carry out all of the covenants in said lease, and to pay the rent provided thereby."

It was further alleged that the Southern Stores Corporation later likewise assigned said lease to the Winn & Campion Grocery Company, which company assumed the lease, but said assignment did not release the Piggly Wiggly Stores, Inc., or the Southern Stores Corporation from their obligations; that the Winn & Campion Grocery Company several months later removed from said premises and refused to pay further rent after August 1, 1930; that the lease expired October 31, 1932; and. that at the contract rate of $100 per month defendants are indebted to complainant Sander in the sum

of $2,700, and that all three of said parties are accordingly bound by the terms of said lease and liable to the complainant for said sum.

Piggly Wiggly Stores, Inc., a Virginia corporation, was not served with process, and decree was entered dismissing the bill against it.

The Winn & Campion Grocery Company answered and denied that Piggly Wiggly Stores, Inc., renewed said lease, and alleged that its tenancy therefore became a tenancy by the month. It denied that Piggly Wiggly Stores, Inc., made any assignment of its interest in said lease, charging that such an assignment would have to be in writing to be valid, under the statute of frauds, and that no written assignment was made.

It further denied that the Southern Stores Corporation assigned said lease or said alleged extended lease to it, and denied that it assumed the same. It alleged that on June 1, 1930, it purchased a stock of merchandise and fixtures from said Southern Stores Corporation and used said storeroom for two months until it could dispose of and remove said merchandise. It alleged that it paid the rent for June and July, 1930, and vacated said premises at the end of July. It further alleged that it purchased said stock of goods not for the purpose of continuing in the mercantile business, but to close out same.

The Southern Stores Corporation answered and denied that Piggly Wiggly Stores, Inc., renewed said lease, and that said corporation assigned said alleged extended lease to it. It charged that said assignment must be in writing, and no written assignment was made. It denied that it assumed said lease, and denied that it assigned said alleged extended lease to Winn & Campion Grocery Company, and specially pleaded the statute of frauds.

The chancellor found that the Piggly Wiggly Stores, Inc., gave due notice in writing to the said Bert P. Sander of the intention of said lessee to extend, and so did extend, said lease for another 5-year period, beginning November 1, 1927, and extending to October 31, 1932; that in January, 1928, said Piggly Wiggly Stores, Inc., assigned its interest in said lease to the Southern Stores Corporation, and that said Southern Stores Corporation assumed the liabilities and became bound by the covenants contained in the said lease agreement for and until the expiration of the said term of said lease as so extended, to wit, October 31, 1932, and the said Southern Stores Corporation actually occupied said premises from that time until on or about May 1, 1930; and that during said occupancy of the premises by the said Southern Stores Corporation it carried out the terms and provisions of the lease, and as appears not only by letters or papers signed by its officers and agents, but likewise by its conduct and actions, fully assumed all of the provisions of the lease for the remainder of said term, but that on or about May 1, 1930, the said Southern

Stores Corporation sold or transferred its business in said store and the obligations under its lease to the defendant, Winn & Campion Grocery Company, which agreed to become bound by the terms of which lease agreement and which occupied the said premises as a store and operated its business which it had purchased and taken over from Southern Stores Corporation in said premises to and including the month of July, 1930, and during such period of occupancy by the said Winn & Campion Grocery Company paid to the complainant the stipulated monthly rent up to and including the month of July, 1930, but that the proof fails to show that Winn & Campion Grocery Company executed any memoranda signed by it or in its behalf for the assumption of the lease for the remainder of the term of the lease, and therefore that said Winn & Campion Grocery Company is only liable for rent for a period of one year from the date of its assumption, to-wit, for one year from May 1, 1930, less any payments made by it or credits to which it is entitled, and that said Winn & Campion Grocery Company moved out of the premises on or about August 1, 1930, and since said date neither the Winn & Campion Grocery Company nor Southern Stores Corporation nor Piggly Wiggly Stores, Inc., nor any one else has paid, or caused to be paid, to the complainant the rent provided by the terms of the lease agreement from August, 1930, to and including October, 1932, or a period of 2 years and 3 months; and that the complainant made all reasonable efforts to relet the premises so as to minimize his damages, but that he was only able to do so to the extent of renting a portion for a few months upon which he collected the sum of $150, which should be applied as a credit on any amount otherwise owing complainant by said Southern Stores Corporation and/or Winn & Campion Grocery Company; and that Southern Stores Corporation is justly indebted and liable to the complainant for damages sustained by the complainant, or for rent, from August 1, 1930, to and including October, 1932, at the rate of $100 per month, or a total of $2,700, less said credit of $150; and that the defendant Winn & Campion Grocery Company is justly indebted and liable to the complainant, as aforesaid, as damages, etc., or for rent from August, 1930, to and including the month of April, 1931, at the said stipulated rate of $100 per month, less the above-mentioned credit, or, to-wit, $900, less said credit of $150, or a total sum of $750.

Decree was entered that complainant, Bert P. Sander, have and recover from the defendant Southern Stores Corporation the sum of $2,550 and costs of the cause; and have and recover of the defendant Winn & Campion Grocery Company the sum of $750 and costs of the cause; but that the actual collections from said defendants should not exceed the total sum of $2,550 and costs.

The defendants, the Southern Stores Corporation and the Winn

& Campion Grocery Company, excepted to said decree, but only the Southern Stores Corporation perfected an appeal to this court, and it has assigned errors as follows:

(1) The court erred in finding that said lease contract as extended had been legally and properly assigned to said Southern Stores Corporation, as no assignment thereof in writing was shown to have been made, so as to prevent the prohibition of the statute of frauds and perjuries.

(2) The court erred in finding that the Southern Stores Corporation assumed said lease.

(3) The court erred in holding the Southern Stores Corporation liable for rents from and after May 1, 1930, at which time it sold to Winn & Campion Grocery Company, which company assumed the lease, and Sander accepted Winn & Campion Grocery Company as a tenant.

(4) The court erred in not charging Bert P. Sander with $75 per month in mitigation of damages.

The facts of the case, as shown by the record, are as follows:

On February 15, 1923, Bert P. Sander entered into a contract with the Piggly Wiggly Stores, Inc., to erect a building at 2100 Chamberlain avenue, Chattanooga, Tenn., and to lease the same, by written lease, to the Piggly Wiggly Stores, Inc., for a period of 5 years, beginning October 1, 1922, and ending October 31, 1927, at a yearly rental of $1,200, payable in monthly installments of $100 each on or before the first day of each and every month.

Said lease provides that: "The lessee shall have the right to extend or prolong the term of this lease for a further period of five years from the expiration of the initial term of this lease, provided the lessee shall give the lessors written notice of the intention to avail itself of this right at least thirty days before the expiration of the initial term." Said lease further provides that: "The lessee shall have the right to assign or transfer this lease or under-lease or sublet a portion or the whole of the premises comprised in said lease. . . . In the event that the lessee makes an assignment of this lease as aforesaid, it shall remain liable to the lessors for the full payment of the rent, as if such assignment had not been made."

Piggly Wiggly Stores, Inc., occupied the store building during said 5-year period, and, within the time specified, exercised its option to extend said lease for an additional term of 5 years from and after October 31, 1927, extending same to October 31, 1932.

In January, 1928, said Piggly Wiggly Stores, Inc., sold its business to the Southern Stores Corporation, which company assumed the lease, took charge of the business, and operated a store under the same name of "Piggly Wiggly" until on or about May 1, 1930.

Complainant contends that Piggly Wiggly Stores, Inc., assigned

the lease to Southern Stores Corporation, which company assumed the lease, which is now denied by defendant Southern Stores Corporation.

On or about May 1, 1930, the Southern Stores Corporation sold said business to the Winn & Campion Grocery Company, which company also assumed the lease.

The Winn & Campion Grocery Company occupied the building until about August 1, 1930, when it removed its stock of groceries from said premises, and ceased to pay rent for same; but none of the Winn & Campion Grocery Company crowd testified in the case.

The president of the Southern Stores Corporation testified that he had never seen this lease; that his company did not have a written assignment of such lease in its files; and that he had not made an assignment of such lease, and did not think the company had assigned it; but letters and a telegram from the Southern Stores Corporation, signed by said president, written after Winn & Campion Grocery Company had vacated the building, but before this suit was instituted, were filed, which were as follows:

Telegram.

"Western Union 1930 July 31

"Thomas, Thomas & Coffey, Chattanooga, Tenn.

"Under our contract Winn & Campion assumed lease referred your telegram and accordingly must continue to pay rent until expiration of lease.

"Southern Stores Corporation,

"R. J. Marshburn."

Letters.

"Miami, Florida.   August 5th, 1930.

"Thomas, Thomas & Coffey, 609 James Bldg., Chattanooga, Tenn.

"Gentlemen: Replying to your letter of August 1st, we are not trying to side-step any liability which we may have under the lease referred to in your letter.

"We made the sale of the Chattanooga Unit to Winn & Campion Grocery Co., of Nashville, just as Piggly Wiggly Stores Corporation made a sale to us several years ago. I am notifying the Winn & Campion Grocery Co. that if they do vacate the premises they are to continue paying rent on same. However, I hardly think this necessary because certainly they do not feel they can side-step this obligation.

"Very truly yours,

"Southern Stores Corporation,

"By R. J. Marshburn, President."

"Miami, Florida, August 26, 1930.

"Mr. Chas. S. Coffey, Attorney, Chattanooga, Tenn.

"My dear Mr. Coffey: At the time we sold the Chattanooga stores to Winn & Campion Grocery Co., of Nashville, we turned over to them

all leases assumed by them, including the lease on the room at 2100 Chamberlain Ave. I have in the past day or so written Mr. E. L. Winn, President of that Company, asking him not to delay payment of rent to your client and I had hoped by now that you had received payment.

"They assumed the lease from us just as we in turn had previously assumed the lease from the Piggly Wiggly Corporation. . . .

"Southern Stores Corporation,
"By R. J. Marshburn, President."
Telegram.
"Western Union 1930 Aug. 26.
"Y. L. Coker, Chattanooga, Tenn.

"Winn Campion of Nashville assumed Chamberlain Avenue lease stop Suggest you wire them your proposition at once.
"R. J. Marshburn."
Letter.
"Chattanooga, Tennessee.
"May 21, 1928.
"Mr. Bert P. Sander, City.

"Dear Mr. Sander: We occupy your store at 2100 Chamberlain Avenue, this city, our store No. 125, under lease contract with you.

"We find it desirable that certain changes be made in and at the front of the storeroom. If you will give us permission to make such changes as, in our discretion, we desire to make, the changes will be made without cost or expense to you; and we bind ourselves to undo the changes and restore the building to its present condition, thus making it again just as it now is in all of its details, and this will be accomplished within the period of our lease in order that a complete restoration may be made before possession is delivered to you at its termination. . . .

"Southern Stores Corporation,
"By J. W. Lyles, Manager, Chatta. Dist."

Complainant Sander filed a written instrument executed by the Piggly Wiggly Stores, Inc., extending the lease to October 31, 1932. The contention of the defendant as to the extension of the lease need not, therefore, be further considered.

1 and 2. We are of the opinion that the evidence shows that the lease was assigned by Piggly Wiggly Stores, Inc., to the Southern Stores Corporation, and that it assumed the obligations of the lease.

Defendant Southern Stores Corporation contends that an assignment of a lease for a number of years must be in writing, in accordance with the statute of frauds (Code, sec. 7831, subd. 4, Shannon's Code, sec. 3142, subd. 4), and that there was no such written assignment in this case; therefore, they were tenants at will from month to month.

But complainant insists that the letters and telegrams above quoted and the other facts and circumstances are sufficient to take the case out of the statute of frauds; that these letters and telegrams are memoranda in writing acknowledging an assignment of the lease and the assumption of same by the Southern Stores Corporation. In this we think they are correct. These letters and telegrams acknowledge the assignment of the lease and the assumption of same by the Southern Stores Corporation.

While it is necessary for the Piggly Wiggly Stores, Inc., to assign the lease to Southern Stores Corporation, and in said assignment for the Southern Stores Corporation to agree to perform the covenants of the lessee, in order for the Southern Stores Corporation to be liable for the rent for the rest of the term (16 R. C. L., 868, sec. 372), yet we think this has been done. The Southern Stores Corporation went into possession, acknowledged the lease, and paid rent for more than two years. An assignment of the lease is presumed where the assignee goes into possession and pays rent. 18 Am. & Eng. Ency. of Law (2 Ed.), 677; 35 C. J., 991, sec. 85; 36 C. J., 434-5, sec. 1350. There was no satisfactory evidence introduced to overcome this presumption. The testimony of its president is not satisfactory and his denial of the assignment of the lease is not convincing in view of his letters and telegrams. Wright v. Bridges, 16 Tenn. App., 576, 65 S. W. (2d), 265.

"When a party is found in the possession of leased premises, having succeeded to the tenant's occupation, without the knowledge or consent of the landlord, he is presumed to have taken an assignment of the lease." Washington Real Estate Co. v. Roger Williams Silver Co., 25 R. I., 483, 56 A. 686.

"Where a person other than the lessee is shown to be in possession of leasehold premises the law presumes that the lease has been assigned to him. It further presumes that the assignment was sufficient to transfer the term and to satisfy the statute of frauds." Mann v. Ferdinand Munch Brewery, 225 N. Y., 189, 193, 121 N. E., 746, 747.

The president of Southern Stores Corporation denies that he knew the terms and covenants of the lease; but this is immaterial. An assignee of a lease is charged with knowledge of the covenants of the lease and takes it cum onere. 35 C. J., 997; Jones on Landlord & Tenant, sec. 455; 39 Cyc., 1756, 1758 (bb.); Macon v. Sheppard, 2 Humph., 335; Walgreen Co. v. Walton, 16 Tenn. App., 213, 221, 64 S. W. (2d), 44.

The assignee of a lease, by accepting possession of the land, subjects himself to all the covenants which run with the land. State v. Martin, 14 Lea, 92, 52 Am. Rep., 167.

We are of the opinion that the letters and telegrams taken in

conjunction with the lease are sufficient to satisfy the statute of frauds.

"It is of course, well settled that a parol agreement concerning lands is not void, but becomes unenforceable when the statute of frauds is pleaded. Brakefield v. Anderson, 87 Tenn., 206, 208, 209, 10 S. W., 360; Bailey v. Henry, 125 Tenn., 390, 400, 401, 143 S. W., 1124.

"And it is 'immaterial' 'as to the number of papers which, connected together, make out the memorandum. . . .' Hudson v. King, 2 Heisk., 560, 573.

"It is equally well settled that the memorandum may be executed after the transaction.

" 'It may be executed at any time after the contract and before the action. It is doubted whether it might not be after the action brought, because the statute only means to secure written evidence of the contract.' Hudson v. King, 2 Heisk., 560, 573. . . .

"In Townsend v. Hargraves, 118 Mass., 325, 335, a case involving the seventeenth section, it is said:

" 'The memorandum is sufficient if it be only a letter written by the party to his own agent; or an entry or record in his own book; or even if it contain an express repudiation of the contract. And this because it is evidence of, but does not go to make the contract. Gibson v. Holland, L. R., 1 C. P., 1; Buxton v. Rust, L. R., 7 Ex., 1, 279; Allen v. Bennet, 3 Taunt., 169; Tufts v. Plymouth Gold Mining Co., 14 Allen, 407; Argus Co. v. Albany, 55 N. Y., 495, 14 Am. Rep., 296.'

"The statute of frauds is, after all, merely a statute declaring that a certain kind of evidence is required to support an action in certain cases. If the statute be not pleaded, a parol contract can be enforced. The distinction between the contract itself and the memorandum, which is merely the evidence thereof, is clearly shown in Lee v. Cherry, 85 Tenn., 707, at page 708, 4 S. W., 835 (4 Am. St. Rep., 800), where the court says:

" 'It is not essential that the contract of sale shall be in writing, provided there is produced a writing containing the terms of the oral contract, and authenticated by the signature of the party to be charged.'

"If, for example, a vendor should write the vendee a letter, in substance as follows:

" 'I am aware that I made an oral contract to sell you my farm on these terms (setting them out), but this is to notify you that I decline to carry out this trade,' no reason is perceived why this written declaration would not sufficiently evidence the parol contract. His letter would stand as a written admission that such a contract was made; and his declaration that he intended to repudiate the contract thus made could neither add to nor subtract from the evi-

dentiary value of the letter. To take a contrary view is, as it seems to us, to confound the contract itself with the memorandum required by the statute of frauds.

"Another consideration which clearly shows the distinction between the contract and the memorandum is the fact that the memorandum may be made long after the contract. Hudson v. King, 2 Heisk., 560, 573." Huffine v. McCampbell, 149 Tenn., 47, 257 S. W., 80, 83.

It is immaterial as to the number of papers which, connected together, make out the memorandum to be signed to satisfy the statute of frauds. Huffine v. McCampbell, supra; Williams v. Buntin, 4 Tenn. App., 340, 348.

The assumption by an assignee of a lease of the obligations and liabilities of the assignor creates a privity of contract as well as a privity of estate between the lessor and the assignee. Jones on Landlord & Tenant, secs. 462-3; Dunn v. Archer, 150 Tenn., 440, 265 S. W., 678; State v. Martin, 14 Lea (82 Tenn.), 92, 52 Am. Rep., 167; 36 C. J., 377, sec. 1240; 35 C. J., 998, sec. 101, and p. 1001, sec. 107.

We think the Southern Stores Corporation assumed the lease, and that Winn & Campion Grocery Company in turn also assumed the lease and agreed to pay the rents; hence the first and second assignments of errors are overruled.

3. The assignment that the court erred in holding the Southern Stores Corporation liable for rents from and after May 1, 1930, when it sold to Winn & Campion Grocery Company, is not well made and must be overruled. Ordinarily an assignee of a lease is liable for rents so long as he is in possession, and his liability terminates when he assigns the lease and delivers possession to his assignee. This is based on the proposition that there is a privity of estate only and no privity of contract. But where the assignees assume the covenants of the lease, this creates a privity of contract, and an assignment of the lease does not relieve the assignors. 35 C. J., 998, 999, sec. 101; 36 C. J., 375 to 377, sec. 1240; Jones on Landlord & Tenant, secs. 455, 456, 462; McLean v. Caldwell, 107 Tenn., 138, 64 S. W., 16. Where the assignee of lessee assumes the rent the lessor is still liable. 35 C. J., 998, sec. 101, p. 1001, sec. 107; 36 C. J., 373; Jones on Landlord & Tenant, secs. 447, 448, 455. The mere fact that the landlord accepts rents from an assignee does not release the lessee. 36 C. J., 296, 371-373.

4. There is nothing in the fourth assignment of error wherein it was contended that Sander's account should be credited with $75 per month, as it is shown that Coker would not close the deal and rent the property.

It results that all the assignments of errors are overruled, and the decree of the lower court is affirmed. A decree for $2,550 and interest from May 3, 1935, to the present, will be entered in this court in

favor of Sander and against the Southern Stores Corporation and the surety on its appeal bond. The costs of the cause including the cost of the appeal are decreed against the Southern Stores Corporation and the surety on its appeal bond.

Faw, P. J., and DeWitt, J., concur.