WILLSHIRE *v.* FREES *et al.*

(*Jackson*, April Term, 1947.)

Opinion filed May 3, 1947.

W. C. Rodgers, of Memphis, for plaintiff in error.

Eugene Madden and W. J. Ling, both of Memphis, for defendants in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Petitioners for *certiorari*, Mr. Frees and wife, rented an apartment in Memphis from respondent, Mrs. Bessie

Willshire, and occupied it for a number of months. After this tenancy was terminated they commenced an action against Mrs. Willshire in the Shelby County Circuit Court to recover what they alleged to be rent paid in excess of that permitted by the Federal Emergency Price Control Act, 50 U. S. C. A. Appendix, sec. 901 *et seq.* The return made by the deputy sheriff upon the summons was "came to hand 18 day of April, 1944 and after diligent search and inquiry, Mrs. Bessie Willshire is not to be found in Shelby County, Tenn. This May 1st, 1944." Then, upon application of plaintiffs, Frees and wife, a judicial attachment issued under the authority of Code section 9413 providing that: "When the summons had been returned 'Not to be found in my county' . . . the plaintiff may have an alias . . . or, at his election, sue out attachment against the estate of such defendant." This attachment was levied upon the home of Mrs. Willshire, it being the residence in which she was then living and in which she had continuously lived for twenty years or more.

As a matter of fact, Mrs. Willshire was at this home every night between the date this summons issued on the 18th day of April and the date of its return, May 1, 1944, and every day during this period she was at her place of business in Shelby County. She did not know of the existence of this suit, nor did she know that an attachment had been issued and levied against her home until sometime after July 19, 1944, she saw in a Memphis newspaper the publication made for her in this case, as required by code section 9472. Within the time allowed by law she filed in proper form a plea in abatement containing among others the following ground:

"This defendant is, and has been for a long number of years, more than twenty, a resident citizen of the City

of Memphis, Shelby County, Tennessee, and was at all times since the issuance of the original summons in this cause, such resident and citizen, living in the property described as being levied on by the Sheriff in his return on the attachment known as 1280 Snowden Avenue, in said City; that she was likewise at all times available and subject to the process of this court, and she most emphatically denies and avers that it is untrue that she could not be found in Shelby County, but further avers that she could readily and easily have been served with process either at home or at her place of employment, and the Sheriff could have readily executed said process or located her whereabouts by an inquiry of any of her neighbors or by calling at her home at the above address, at reasonable times.''

Thereafter, on motion of plaintiffs, the evidence on the truth of the plea was heard. There is no conflict in this evidence. It establishes the fact that Mrs. Willshire had at all times since the issuance, of the summons been in Shelby County, Tennessee, and had continuously during that time occupied the very residence levied upon, spending every night there. She had spent each day during this time at a restaurant of which she was in charge. She had lived in this particular residence for twenty years and was well known in the community in which it was situated. The deputy sheriff into whose hands the process was placed testified that promptly upon receipt of this summons he went to the above residence of Mrs. Willshire. This residence had one entrance from the east and another from the west. The deputy says that he went to the west entrance and rang the door bell. Some lady came to the door and upon his inquiry informed him that Mrs. Willshire lived on the east side. When he went to the east entrance no one responded to his ringing of the bell and he did not find Mrs. Willshire there. He returned half a

dozen times, some times as late as 7 P. M., but never found Mrs. Willshire there. The window shades were always down. He had no other information as to where Mrs. Willshire was, or as to where she worked, and he made no inquiry as to any of these matters, nor did he inquire of any neighbors as to the whereabouts of Mrs. Willshire or make any attempt to ascertain her whereabouts except to go to her residence the several times mentioned, and then made the return that "after diligent search and inquiry" she was not to be found in Shelby County.

The circuit judge overruled the plea in abatement and required Mrs. Willshire to further plead. She duly excepted and seasonably filed her wayside bill of exceptions and then filed her pleas to the declaration. Upon the trial on the merits a judgment was rendered against her, and her motion for a new trial having been overruled, she perfected her appeal to the Court of Appeals.

One of the grounds of the motion for a new trial was directed to the alleged error of the trial court in not sustaining her plea in abatement. Her first assignment of error in the Court of Appeals makes this insistence. The Court of Appeals sustained this assignment of error, abated the attachment and dismissed the suit, holding that the facts established upon the hearing of the plea in abatement were insufficient to justify the return made by the deputy sheriff upon the summons, and that, therefore, as a matter of law the judicial attachment should have been abated by the circuit court. Petition for *certiorari* filed by Mr. and Mrs. Frees has been granted and oral argument had thereon.

The return, "after diligent search and inquiry Mrs. Bessie Willshire is not to be found in Shelby County, Tenn.," was a representation by the sheriff to the court that the defendant, Mrs. Willshire was a resident of

Shelby County and was evading process. *Carlisle* v. *Cowan*, 85 Tenn. 165, 168, 2 S. W. 26. This return was not true in two material respects:

(1) Mrs. Willshire was not evading process. During this entire period she was where she would reasonably have been expected to be; that is, at her place of business each day, and at her home each night.

(2) The deputy sheriff had not made "diligent inquiry." He made no inquiry. He testifies that the only conversation he had with any person as to the whereabouts of Mrs. Willshire was the statement of a lady that Mrs. Willshire lived in the east side of the home to which he went.

Code section 10106 (7) requires the sheriff "to use in the execution of process a degree of diligence exceeding that which a prudent man employs in his own affairs." We think that any such prudent man, when he failed to find Mrs. Willshire at home, would have made inquiry of her neighbors as to where she could be found, and that the deputy failed to perform his duty in not making such inquiry. This court in *Robson, Black & Co.* v. *Hunter*, 90 Tenn. 242, 247, 16 S. W. 466, 467, held that the deputy, in whose hands is the summons, upon failure to find the defendant at his residence or place of business "must have made inquiry as to his whereabouts". Mrs. Willshire was well known in this community and had the deputy performed his duty in this respect he, no doubt, would have been informed as to the exact whereabouts of Mrs. Willshire. It is proper to here observe that this record does not suggest that either the plaintiffs or the deputy sheriff were acting in bad faith. The deputy was probably not fully aware of the extent of his duty within the premises, and the plaintiffs were probably unaware that

the required inquiry had not been made. The consequences, however, are the same.

██ ██ The authority to issue the attachment was derived solely from the recitations of this return on the summons and jurisdiction was obtained only thereby. This return being false, Mrs. Willshire was not bound thereby, and her plea in abatement was the proper method of reaching and quashing the writ. *Carlisle* v. *Cowan, supra,* 85 Tenn. at page 168, 2 S. W. 26; *Robson, Black & Co.* v. *Hunter, supra,* 90 Tenn. at page 250, 16 S. W. 466. The policy of the law with reference to the court obtaining jurisdiction by judicial attachment is expressed by this court in *Jackson* v. *Burke,* 51 Tenn. 610, 612, wherein it is said:

"It was never intended that a debtor pursuing his ordinary avocation, . . . should have his property seized by attachment unless he had placed himself beyond all doubt within the meaning and provision of the statute."

Certainly, this defendant, who by ordinary inquiry could have been promptly located, and who, during the entire period in question, was "pursuing her ordinary avocation" in the usual manner, had not placed herself within the meaning and provision of the judicial attachment statute invoked in this case to obtain jurisdiction.

██ ██ It is true that the attachment statutes are liberally construed as to the remedy, once jurisdiction had been properly obtained, but in so far as they prescribe the causes for which attachment may issue they are very strictly construed, because "the remedy is in derogation of the common law, harsh and summary in its operation, and very liable to be abused as an instrument of injustice and oppression." *Seals* v. *State,* 62 Tenn. 459, 460, 467.

''Attachment of property is not the ordinary mode of obtaining jurisdiction, but it is extraordinary, and not to be resorted to when personal service can be had in order to obtain such jurisdiction.'' *Green* v. *Snyder*, 114 Tenn. 100, 103, 84 S. W. 808; and jurisdiction cannot be obtained by a false return which is properly challenged. *Carlisle* v. *Cowan*, *supra*, 85 Tenn. at page 168, 2 S. W. 26. Since the undisputed evidence establishes the fact that the return in this case was false as to these necessary jurisdictional facts, the plea in abatement should be, in our opinion, have been sustained, as held by the Court of Appeals.

The petitioners insist that the only issue raised by the plea in abatement is whether the sheriff called at respondent's home at reasonable times. We do not think such a limited construction should or can be placed upon this plea. · It alleges that the respondent was at all times since the issuance of the summons a resident of and living in an identified home in Memphis and at all times available to the process of the court, and alleges that it is not true that she could not be found in Shelby County and further alleges that ''she could readily and easily been served with process either at her home or at her place of employment,'' and that the sheriff could have ''readily . . . located her whereabouts by an inquiry of any of her neighbors.'' We think this plea puts in issue the question of the existence of the material facts necessary to give the court jurisdiction in a case of this character.

It is next insisted that the Court of Appeals was in error in dismissing the suit ''for the reason that the defendant was before the court by service of process by attachment and publication.'' The petitioners, upon reflection, will observe that if the attachment had been

quashed, as we have held it should have been, then there would have been no "service of process by attachment." Publication was not authorized until after the levy of a valid attachment. Code section No. 9472. The attachment being invalid, there was no publication within the intent of the law.

Since, in our view of this case, the Court of Appeals did not err in abating the attachment and dismissing the suit, it follows that the assignments of error directed to the question of whether the respondent is indebted to the petitioners and, if so, in what amount, become immaterial.

The judgment of the Court of Appeals is affirmed.

All Justices concur.