**Lambert L. HAILEY, Plaintiff-Appellant,**

v.

**Albert H. CUNNINGHAM, Ann West Cunningham, John W. Shankle and James L. Winfree, Defendants-Appellees.**

Supreme Court of Tennessee,
at Nashville.

July 18, 1983.

Claude Callicott, James C. McBroom, Nashville, for plaintiff-appellant.

Herbert R. Rich, Nashville (Philip M. Carden, Nashville, of counsel), for Albert H. Cunningham and Ann West Cunningham.

Thomas E. Watts, Jr., Nashville, for John W. Shankle and James L. Winfree.

OPINION

HARBISON, Justice.

In this non-jury action the lessee of a commercial building sought reimbursement from two subsequent sets of assignees of the lease for the amount of judgment, interest and attorneys' fees which the lessee had been required to pay to the lessors. The trial court allowed recovery, and the assignees appealed. They presented numerous issues, all of which were overruled by the Court of Appeals with the exception of the question of mitigation of damages. The Court of Appeals found insufficient evidence that the lessors had reasonably mitigated their damages after abandonment of the premises by a third assignee. It accordingly disallowed all recovery and dismissed the action.

This Court granted the lessee's application for permission to appeal, and the assignees asserted here the issues as to which they had been unsuccessful in the Court of Appeals.

We are of the opinion that the Court of Appeals correctly decided all of the issues raised here by the appellees. These involved questions of laches, estoppel, failure of the lessee to implead the assignees in the action originally brought against him by the lessors, lack of notice and the statute of frauds. We find no merit in any of these issues and affirm the judgment of the Court of Appeals and of the trial court with respect thereto.

As to the single issue on which the Court of Appeals reversed the judgment, we are of the opinion that the evidence does not preponderate against the finding of the trial judge that the lessors had made sufficient reasonable efforts to mitigate damages. Accordingly the judgment of the Court of Appeals is reversed, as to the issue of mitigation of damages, and the judgment of the trial court is reinstated, including judgment over by the first assignees against the second assignees. The cause will be remanded to the trial court for any further proceedings which may be necessary.

There is almost no dispute as to the material and controlling facts. On August 8, 1966, appellant Lambert L. Hailey leased from his brother Robert V. Hailey and four of his sisters a commercial tract of land on Eighth Avenue, South in Nashville, Tennessee, on which the lessors agreed to construct a new building, comprising a liquor store and a drive-in grocery store. The lease was for a period of ten years to commence upon completion of the improvements. The parties agree that the effective date of the lease was September 1, 1966, and it terminated on August 31, 1976.

Appellant Lambert L. Hailey went into possession and operated a business on the premises for about six and one-half years. On February 15, 1973, he and his wife entered into a written agreement with Albert H. Cunningham and wife Ann West Cunningham under which the Haileys sold to the Cunninghams the business which they were conducting together with the stock-in-trade, and they also assigned the lease to the Cunninghams, the latter agreeing to assume all of its obligations and covenants, including payment of $900 monthly rental.

The Cunninghams held the property for only a few months. On June 25, 1973, they sold the business and inventory, together with their interest in the lease, to John W. Shankle and James L. Winfree, the second set of assignees. The latter did not execute or affix their signatures to a formal assignment of the lease which was signed by the Cunninghams, but they did sign a written agreement specifying that they purchased the business and the lease. They went into possession and conducted business there for more than one year. On September 25, 1974, they executed a further assignment of the lease to one Bobby L. Mason who assumed and agreed to discharge all its obligations.

Appellant Lambert L. Hailey, the Cunninghams and the second assignees, Shankle and Winfree, paid the specified rent and otherwise complied with the terms of the lease during the times when they were respectively in possession of the premises. Mason apparently paid the rent from late September 1974 through March 1975, a total of about six months. The record shows that during this period of time he altered the premises considerably, changed the improvements and conducted a different type of business from that which had been conducted by the previous tenants. He defaulted in the rent for April 1975, and at some point thereafter he vacated the premises. This date is not clearly established in the record.

In early June 1975 the lessors sued Mason and appellant Lambert L. Hailey. The other assignees were not joined as parties. That suit sought rent for the months of April, May and June 1975, which had then accrued. In addition the complaint alleged that Mason, apparently still in occupancy, had made considerable improvements to the personal property located on the leased premises, and the lessors alleged that they feared that he was about to remove from the premises all of the fixtures located thereon. The lessors therefore sought an injunction against him as well as judgment against him and Lambert L. Hailey for the accrued rental, together with attorneys' fees and expenses. In addition lessors sought a declaration that the lease be terminated pursuant to its provisions and that the lessors be entitled to re-rent the property for the unexpired term at the expense of the lessee.

Process was served upon Hailey but not upon Mason, the summons as to him being returned as not to be found in the county. His address was given as being the leased premises, and another address in a different part of Nashville was also written on the summons. Mason has not been heard from since, and from the nature of the return, which no party has attempted to impeach, it must be assumed that he could not be located after diligent search and inquiry. *See* T.C.A. §§ 8–8–201(10), –208; *Willshire v. Frees,* 184 Tenn. 523, 201 S.W.2d 675 (1947); S.B. Gilreath and B.R. Aderholt, *Caruthers' History of a Lawsuit* §§ 81, 85 (8th ed. 1963).

From the nature of the return of the sheriff it may reasonably be assumed that

Mason had vacated the premises by the time the return was made, June 30, 1975. It does not appear, however, that the lessors had re-entered or accepted a surrender of the lease at that time. The allegations of the complaint seem to indicate otherwise.

Hailey did not immediately answer the complaint, and several motions for default judgment were filed, these being set aside by agreement between counsel for the lessors and counsel for Hailey. Ultimately, however, in October 1975, default judgment was entered against Hailey, and the matter was set for a hearing on damages on February 17, 1976. On March 3, 1976, judgment was entered following this hearing, formally terminating the lease, authorizing the lessors to re-enter and rent for the remaining six months of the term at the best rental available, charging any deficiency against the lessee Hailey, and awarding judgment against Hailey for the accrued rent of $9,900 (eleven months from April 1975 through February 1976) together with counsel fees and expenses to the lessors. No transcript of the February 17, 1976 hearing was preserved. It does appear from testimony in the present case, however, that the lessors presented proof to the Chancellor as to their efforts to re-rent the premises during the interval after the filing of suit. Counsel for the lessors testified in the present case that he had his clients obtain for him copies of an advertisement which had been run by a realtor in November 1975, together with a letter from the realtor stating that numerous advertisements had been made in August 1975. Apparently the Chancellor was satisfied at that time and from the proof adduced before him that the lessors had made a good faith effort to re-rent the premises, although without success.

In the present case the lessor, his attorney and the former counsel for appellant Lambert L. Hailey testified that the lessors placed the property in the hands of another realtor, Dobson & Johnson, Inc., either shortly before or shortly after rendition of the final judgment against Hailey on March 3, 1976. There was testimony that Dobson & Johnson placed a rental sign on the premises and advertised it on several occasions in a local newspaper. The record shows that this realtor was unable to obtain another tenant during the remaining six months of the term, but did do so after the term expired on August 31, 1976.

There was no objection to any of this testimony, except as to the letter from the real estate agent to one of the lessors in November 1975, outlining the dates of several previous advertisements. The trial court held that letter inadmissible, apparently under the mistaken impression that it had not been addressed to a lessor, but the purpose for which it was offered was to show what evidence had been presented to the Chancellor at the previous hearing in the original default suit. Regardless of that, the trial court in the present case found that the lessors had made a reasonable effort to re-rent the premises and had used proper diligence to mitigate their damages.

Appellant Lambert L. Hailey paid in full the judgment rendered against him and brought the present action against the first and second sets of assignees for reimbursement or indemnification. At the trial of the present case the assignees offered no evidence whatever to show that the original lessors had failed to use proper diligence in re-renting the property or mitigating their damages, and no evidence that the counsel fees and other expenses awarded against Hailey were unreasonable or improper. They were accorded a full opportunity to offer evidence on any of these issues, including the opportunity to cross-examine the original attorney for the lessors. It is conceded by appellant that the assignees were not concluded by the judgment rendered in the original action, and they were given every opportunity in the present case to develop any defense to the claim of the lessors which they might have had or which might have been asserted by the original lessee in the first suit.

There seems to be no question among the parties but that the various instruments by which the lease was transfer-

red were assignments, not subleases, thereby rendering each assignee directly liable to the lessors and not simply liable to the immediately preceding assignor. *See First American National Bank v. Chicken System of America, Inc.,* 510 S.W.2d 906 (Tenn. 1974); *Ernst v. Conditt,* 54 Tenn.App. 328, 390 S.W.2d 703 (1964). Each assignor, in effect, became a surety for each of the assignees, and under the terms of the various assignments each assignor continued to be liable for the rent and other covenants of the lease. There is no claim of novation or that any of the parties was released by the terms of any of the instruments executed.

It appears from the evidence that the question of the mitigation of damages by the lessors through their attempts to re-rent the property was considered by the Chancellor in the trial of the original action, and it was also fully considered by the trial judge in the present case, at which time each of the defending sets of assignees was given a full opportunity to develop that or any other defense which might conceivably have been raised to the original claim of the landlords, in which judgment was rendered against the lessee and for which he here seeks reimbursement.

In its opinion the Court of Appeals held that the burden of proof rests upon a plaintiff or claimant to prove the exercise of due care in efforts to mitigate his damages. For this proposition it cited *Karns v. Vester Motor Co.,* 161 Tenn. 331, 30 S.W.2d 245 (1930). We do not so interpret the case. It is true that the Court concluded its opinion with a statement that the injured party to a contract has a duty to do everything possible to minimize his damages. 161 Tenn. at 334, 30 S.W.2d at 246. The Court was not, however, discussing the question of producing evidence or the burden of proof. Those were not issues in the case.

Among the cases cited. in that opinion was *Plesofsky v. Kaufman & Flonacker,* 140 Tenn. 208, 204 S.W. 204 (1918). That was not a landlord-tenant case, but in it the Court stated the general rule that a party guilty of a breach of contract has the burden of proving that the damages alleged

"could have been prevented or mitigated" by action of the claimant. 140 Tenn. at 216, 204 S.W. at 206. This is indeed the general rule applicable to actions for damages in this state. In the case of *International Correspondence School, Inc. v. Crabtree,* 162 Tenn. 70, 78, 34 S.W.2d 447, 449 (1931), the Court said:

> "With respect to the burden of proof in such cases, the general· rule is that the defendant has the *onus* of establishing matters asserted by him in mitigation or reduction of the amount of plaintiff's damages."

*See also Dale v. Thomas H. Temple Co.,* 186 Tenn. 69, 92, 208 S.W.2d 344, 354 (1948); *Edenfield v. Woodlawn Manor, Inc.,* 62 Tenn.App. 280, 462 S.W.2d 237 (1970); *Southern Fire & Casualty Co. v. Norris,* 35 Tenn.App. 657, 250 S.W.2d 785 (1952); *Price v. Osborne,* 24 Tenn.App. 525, 147 S.W.2d 412 (1940).

■ It is our opinion that in the original action between the lessors and the lessee, the latter had the burden of proof to establish failure of the lessors to mitigate their damages. That same affirmative defense would have been available to the present appellees, had they been joined in that action. Since they were not so joined, they had the opportunity of adducing evidence in the present case that the lessors had not sufficiently mitigated damages, and they offered none. Nor have they shown how the present appellant, the original lessee, could have done more than was done in the original action to show lack of diligence by the lessors; in fact, the present record indicates that the lessors did engage two different commercial real estate firms to attempt to re-rent the property, had it advertised in newspapers on several occasions, and had a rental sign placed thereon. There is no suggestion of anything else that the lessors could reasonably have been expected to do.

The Court of Appeals stated that some of the evidence offered by the lessee in the present case, particularly through his former attorney, was hearsay. Even if this be true, there was no objection made to it, nor was there any motion to strike. It certainly

cannot be said to lack probative value, having been received in evidence as it was and not being controverted or countered by any other evidence offered by the appellees.

We are satisfied that the evidence does not preponderate against the conclusions of the trial judge. There has been no showing of any prejudice to any of the appellees by reason of any delay involved in the filing of the present suit, nor any reason why appellant should be repelled in the present case for failure to join the appellees as third-parties in the original action. The defense of the statute of frauds offered by the second set of assignees is entirely without substance. *See Sander v. Piggly Wiggly Stores, Inc.*, 20 Tenn.App. 107, 95 S.W.2d 1266 (1936).

The judgment of the Court of Appeals is reversed and that of the trial court is reinstated in all respects. Costs incident to the appeal will be taxed one-half to the Cunninghams and one-half to Shankle and Winfree; all other costs will remain as fixed by the trial court. The cause is remanded to that court for any further proceedings which may be appropriate.

FONES, C.J., BROCK and DROWOTA, JJ., and HUMPHREYS, Special Justice, concur.