Dennis WILSON

v.

**BLOUNT COUNTY, Tennessee, et al.**

Supreme Court of Tennessee,
at Knoxville.

Sept. 6, 2006 Session.

Nov. 7, 2006.

LaJuana G. Atkins, Norman H. Newton, and Robert Newton Goddard, Maryville,

Tennessee, for the appellant, Blount County, Tennessee.

Charles Buford Dungan, Maryville, Tennessee, for the appellee, Dennis Wilson.

## OPINION

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and GARY R. WADE, JJ., and E. RILEY ANDERSON, Sp. J., joined.

We granted this appeal to determine the requirements for notice in a tax lien suit. The property owner filed suit in the Chancery Court for Blount County to set aside a default judgment in a suit for the enforcement of a tax lien. The property owner argued that Blount County failed to comply with Tennessee Code Annotated sections 67–5–2415 and 21–1–203 and the Due Process Clause of the Fourteenth Amendment in providing notice of the tax lien suit. The trial court dismissed the property owner's suit, finding that the Blount County Sheriff's Department exercised due diligence in attempting to serve process. The Court of Appeals reversed. We now affirm the judgment of the Court of Appeals.

### Facts and Procedural History

Dennis Wilson ("Wilson") owned two parcels of property in Blount County, Tennessee; each parcel consisted of one acre of land. One parcel was located at 1068 North Union Grove Road, and the other was located at 1074 North Union Grove Road and contained a double-wide mobile home where Wilson lived. The tax record for each parcel indicated the parcel's physical address, the tax map parcel number, Wilson as the property owner, and P.O. Box 550, Louisville, TN 37777, as the mailing address.

On April 2, 2001, Blount County filed suit to enforce a tax lien on Wilson's properties for unpaid taxes for the year 1999.

On May 10, 2001, the Blount County Sheriff's Department received two summonses issued to Wilson at P.O. Box 550, Louisville, TN 37777, which was the address provided by Wilson to the Blount County Property Assessor for tax notice. Each Summons and Notice identified the property subject to the tax lien and the year that taxes were owed and emphasized, "The property will be sold if necessary to collect these taxes." Each Summons and Notice identified the property only by the tax map parcel number and did not reference the property's physical address.

After receiving the summonses, Captain Randall Mercks of the Blount County Sheriff's Department sent a letter by regular mail—but not a copy of either Summons and Notice—to the address shown on the summonses. The letter states that "legal process in reference to delinquent property taxes has been issued" that requires "a summons or other legal writ be served by giving a copy to you personally." The letter also states that the defendant has the option of receiving a copy of the legal process at the sheriff's office "to prevent the embarrassment of a deputy sheriff calling on you at your place of employment or at your home at an inconvenient time." The letter gives the defendant ten days from the date of the letter "to come to the office before an officer will be assigned to pursue other means of service."

The letter was never returned to the Sheriff's Department marked undelivered or otherwise. Captain Mercks did not assign an officer to serve process on Wilson; instead, Captain Mercks handled the process himself. Captain Mercks testified that, when a defendant does not answer a letter, the Sheriff's Department's normal procedure is to search the telephone directory. Captain Mercks had no independent recollection of making a search in this case but testified that he was sure he followed

his normal procedure. Wilson is not listed in the phone book.

No further action was taken to attempt service of process. On June 4, 2001, Captain Mercks returned the summonses to the clerk's office noting, "DILIGENT SEARCH MADE AND NOT TO BE FOUND IN MY COUNTY." Subsequently, the Chancery Court issued an Order of Publication, entered a Default Judgment against Wilson for failing to appear, and ordered and confirmed the sale of the properties. Wilson testified that he first received notice of the tax lien suit and resulting tax sale when he found a note attached to his door in May 2003.

On May 14, 2003, Wilson filed a Complaint in the Chancery Court for Blount County, Tennessee, to void the default judgment, to set aside the tax sale of his two tracts of property, and to recover damages for deprivation of his civil rights, *see* 42 U.S.C. § 1983. On August 8, 2004, a bench trial was held before Chancellor Telford E. Forgety, Jr. Chancellor Forgety dismissed the Complaint because he found that the Sheriff's Department satisfied due process and statutory requirements by exercising due diligence to notify Wilson of the suit to enforce the tax lien. On November 14, 2005, the Eastern Section of the Court of Appeals reversed the trial court's decision. We granted permission to appeal.

### Analysis

■ Our review of this case is de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Tenn. R.App. P. 13(d). Absent error of law, the trial court's decision will be affirmed, unless the evidence preponderates against the factual findings. *Id.* No presumption of correctness attaches to the trial court's conclusions of law. *See Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn.1995).

### 1. Statutory Requirements

Upon careful review of the record and applicable authority, we conclude that Captain Mercks of the Blount County Sheriff's Department did not exercise due diligence in attempting to serve Wilson with process; therefore, Blount County did not satisfy the statutory requirements for notice under Tennessee Code Annotated sections 67–5–2415 and 21–1–203. Section 67–5–2415 governs notice to taxpayers of suits to enforce tax liens. It states in relevant part:

(a) The defendant, when served in any manner according to the Rules of Civil Procedure, either by mail or in person, does not have to be served with a copy of the complaint and exhibit and instead, the clerk may issue a notice to accompany the summons.

(b) The notice shall identify the suit mentioned in the summons sufficiently to enable the taxpayer to know what delinquent taxes the taxpayer is being sued for and what property is subject to the lien.

. . . .

(d) Constructive service of process shall be made as now provided by law.

(e) In all counties, personal service of process on the defendant may be dispensed with and the summons and notice may be sent by certified or registered mail, return receipt requested.

Tenn.Code Ann. § 67–5–2415 (2003). Section 67–5–2415 contemplates three methods for service of process in tax lien suits: personal service, service by mail, or constructive service. It is undisputed that Wilson never received personal service.

■ Wilson also never received service by mail. The letter sent by the Blount County Sheriff's Department does not comply with the statutory requirements for service by mail under Tennessee Code

Annotated section 67–5–2415(e). First, while the letter was forwarded to the address of the property owner on record, *see* Tenn.Code Ann. § 67–5–2502(a)(3) (2003), the letter was sent by regular mail instead of certified or registered mail, and it did not include a copy of the summons, *see* § 67–5–2415(e). Second, the letter—unlike each Summons and Notice sent to the Blount County Sheriff's Department—does not describe what "taxes the taxpayer is being sued for and what property is subject to the lien." § 67–5–2415(b). Third, the letter was not intended to provide service by mail; it was intended to accomplish personal service. The letter states that service of process requires a copy of the summons be given to the defendant personally, and it gives the defendant 10 days from the date of the letter "to come to the office before an officer will be assigned to pursue other means of service."

■ Because Blount County failed to serve Wilson personally or by mail, the sufficiency of the notice depends on whether Blount County complied with the statute governing constructive service by publication. Tennessee Code Annotated section 21–1–203 provides the following:

(a) Personal service of process on the defendant in a court of chancery is dispensed with in the following cases:

(1) When the defendant is a nonresident of this state;

(2) When, upon inquiry at the defendant's usual place of abode, the defendant cannot be found, so as to be served with process, and there is just ground to believe that the defendant is gone beyond the limits of the state;

(3) When the sheriff shall make return upon any leading process that the defendant is not to be found;

. . . .

(5) When the residence of the defendant is unknown and cannot be ascertained upon diligent inquiry;

Tenn.Code Ann. § 21–1–203(a) (1994). We construe section 21–1–203 strictly because it is in derogation of the common law rule that courts of chancery act only in personam. *See Naylor v. Billington,* 213 Tenn. 614, 378 S.W.2d 737, 739 (1964).

Blount County argues that constructive service was proper under subsection 21–1–203(a)(3) because Captain Mercks returned the summonses noting that Wilson was not to be found. We disagree. Subsection 21–1–203(a)(3) is satisfied only when the sheriff has used "due diligence" in making a return that the defendant is not to be found. *See* Tenn.Code Ann. § 8–8–201(1) (2002) (other parts amended in 2004 & 2005); *see also Freeman v. City of Kingsport,* 926 S.W.2d 247, 250 (Tenn.Ct.App. 1996) (holding that section 21–1–203 "requires diligent inquiry to locate and notify the owners of the property of the suit to enforce the tax lien"); *Hailey v. Cunningham,* 654 S.W.2d 392, 394 (Tenn.1983) (stating that "not to be found" means that the defendant could not be located after diligent search and inquiry); *Willshire v. Frees,* 184 Tenn. 523, 201 S.W.2d 675, 677 (1947) (holding that attachment was not proper when the sheriff failed to make a diligent inquiry). Section 8–8–201 requires that the sheriff shall execute the process of the courts with due diligence, go to the place of abode of every defendant before returning that the defendant is not to be found, and use a degree of diligence in the execution of process exceeding that which a prudent person employs in such person's own affairs. § 8–8–201(1), (8), (10); *see also* Tenn.Code Ann. § 8–8–208 (2002) ("No sheriff shall return upon any writ that the person . . . is not to be found . . . unless such sheriff has actually been at the place of abode of such person.").

■ The Blount County Sheriff's Department failed to exercise due diligence before making a return that Wilson was

not to be found.[1] After receiving the summonses, Captain Mercks sent a courtesy letter to Wilson requesting that Wilson come by the Blount County Sheriff's Office to receive process. Wilson did not respond to the letter or come by the office to receive process. Captain Mercks may have searched the telephone directory for a physical address, but Wilson's telephone number was unlisted. After failing to find a listing for Wilson in the telephone directory, Captain Mercks returned the summonses, "not to be found."

■ In this case, due diligence required that the Blount County Sheriff's Department do more than a cursory search through the telephone directory. Just because a person is not to be found in the telephone directory does not mean that the person is not to be found. Captain Mercks could have checked the tax records for a physical address, or he could have provided service by mail at Wilson's post office address. We hold that when the sheriff has a mailing address for a defendant, which the sheriff does not know to be incorrect, due diligence requires that—at the least—the sheriff attempt to provide service by registered or certified mail that conforms with Tennessee Code Annotated section 67–5–2415.

■ When the sheriff makes a false return stating that a person is not to be found, the return will not support constructive service by publication. *See Willshire,* 201 S.W.2d at 677; *Carlisle v. Corran,* 85 Tenn. 165, 2 S.W. 26, 28 (1886) (holding that jurisdiction cannot be obtained by a false return which is properly challenged). Captain Mercks noted on the summonses, "DILIGENT SEARCH MADE AND NOT TO BE FOUND IN MY COUNTY." Captain Mercks' search

for Wilson was not diligent; therefore, the constructive service by publication was ineffective to bring Wilson before the court. And as we noted in *Rast v. Terry,* 532 S.W.2d 552, 555 (Tenn.1976), "[w]here the taxpayer is not properly before the court the resulting decree and sale is a nullity as to him and may be assailed at any time."

Blount County argues that section 21–1–203 does not incorporate a duty on the sheriff to exercise due diligence, relying on *Marlowe v. Kingdom Hall of Jehovah's Witnesses,* 541 S.W.2d 121 (Tenn.1976). In *Marlowe,* we held that if the sheriff returned process stating that the defendant was not to be found, even if the sheriff made no effort to serve process, the return was sufficient to support publication as a matter of law. 541 S.W.2d at 124–25. We decline to follow *Marlowe* in this context. *See also Sunburst Bank v. Patterson,* 971 S.W.2d 1, 4 (Tenn.Ct.App.1997) (declining to follow *Marlowe* ). First, we repeat that section 21–1–203(a)(3) is not satisfied unless the sheriff has used "due diligence" and that a false return will not support service by publication. Second, *Marlowe* has been overruled insofar as it held that publication notice alone is constitutionally adequate notice in a proceeding to enforce a tax lien. *See Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 792, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

■ Wilson did not waive service by providing a post office address to the Blount County Property Assessor instead of the address of his residence. Tennessee Code Annotated section 67–5–2502(b) only requires that a property owner register his name and address with the assessor. It does not require that the owner register the address of his place of residence.

---

1. We note that if a sheriff makes a false return to a writ which has been placed in his hands for execution, he becomes liable to the person injured by such return, usually by an action for making a false return. *See First Nat'l Bank v. Tate,* 15 Tenn.App. 462, 464, 1932 WL 1341, at *2 (1932).

While Wilson could have provided his place of residence to the assessor, his failure to do so does not excuse Blount County from proceeding with service. The United States Supreme Court has noted that "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation" to provide notice. *Mennonite*, 462 U.S. at 799, 103 S.Ct. 2706; see also *Jones v. Flowers*, —— U.S. ——, 126 S.Ct. 1708, 1714, 164 L.Ed.2d 415 (2006) (rejecting the Arkansas Commissioner's argument that the property owner waived service of process by failing to update his address with the state).

For these reasons, Blount County failed to comply with the statutory requirements for notice in a tax lien suit under Tennessee Code Annotated sections 67–5–2415 and 21–1–203.

### 2. Due Process Requirements

■■■ Because Wilson brings an action under 42 U.S.C. § 1983 to recover damages, it is necessary to determine whether Wilson's procedural due process rights were violated. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). The Due Process Clause of the Fourteenth Amendment of the United States Constitution requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Martin v. Sizemore*, 78 S.W.3d 249, 262 (Tenn.Ct.App.2001) ("The Due Process Clause ... and Tenn. Const. art. I, § 8 provide similar procedural protections and guarantees."). The notice required by the Due Process Clause is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. 652. To effectuate

the required notice, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 70 S.Ct. 652. Significantly, "[w]here the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." *Id.* at 318, 70 S.Ct. 652.

In *Mennonite*, the United States Supreme Court applied *Mullane* in analyzing the manner of notice given to a mortgagee in a tax sale proceeding. 462 U.S. at 795, 103 S.Ct. 2706. In *Mennonite*, the county posted notice in the county courthouse and published notice in a local newspaper. *Id.* Relying on *Mullane*, the Court held:

> When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane*.
>
> Neither notice by publication and posting, nor mailed notice to the property owner, are means "such as one desirous of actually informing the [mortgagee] might reasonably adopt to accomplish it." ... The County's use of [publication and posting] is not reasonable where ... "an inexpensive and efficient mechanism such as mail service is available."
>
> ... Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.

*Mennonite,* 462 U.S. at 798–800, 103 S.Ct. 2706 (citations and footnotes omitted). *Mennonite* makes clear that Blount County's attempts to notify Wilson of its tax lien suit were constitutionally inadequate.

■ Even if we assume that Wilson received the courtesy letter sent by Blount County,[2] it was defective in providing notice because it was not reasonably calculated to apprise Wilson of the tax lien suit and to give him an opportunity to present his objections. *See Mullane,* 339 U.S. at 315, 70 S.Ct. 652. The letter stated process had been issued in reference to delinquent property taxes but did not require Wilson to object or warn Wilson that his property could be sold. The letter also stated that a copy of the summons had to be personally served and that an officer would be assigned to pursue service if Wilson did not come to the Sheriff's office within ten days. Wilson did not come to the office, and no officer was ever assigned to pursue personal service. For the reasons stated, we find that the letter did not serve as notice required by the Due Process Clause.

■ Blount County's subsequent attempt to serve process through constructive notice was also inadequate to provide due process. Although Blount County had Wilson's post office address, it never attempted to send either Summons and Notice through the mail. While Wilson never responded to the courtesy letter, Blount County was not entitled to presume from Wilson's inaction that he could not be served by mail. Indeed, *had* Blount County been notified that the courtesy letter had gone undelivered, it would have been required to take additional steps to serve process beyond constructive notice. *See*

*Jones,* —— U.S. ——, 126 S.Ct. at 1712 (holding that, when notice of tax delinquency sent by certified mail was returned unclaimed, "the State should have taken additional reasonable steps to notify [the taxpayer], if practicable to do so.")

In this situation, publication notice by itself did not satisfy minimum due process requirements because it was not "notice by mail or other means to ensure actual notice." *Mennonite,* 462 U.S. at 800, 103 S.Ct. 2706; *see also Mullane,* 339 U.S. at 318, 70 S.Ct. 652 ("Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency."); *Greene v. Lindsey,* 456 U.S. 444, 455–56, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982) (holding that posting notice of forcible detainer and entry action on tenant's door and publication of notice in newspaper was inadequate); *Schroeder v. City of New York,* 371 U.S. 208, 211, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) (holding the same in condemnation proceedings); *Walker v. City of Hutchinson,* 352 U.S. 112, 115, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956) (same).

■ To be clear, due process does not require that a party *receive* actual notice; it requires only that the government choose a method of notification that is reasonably calculated to *provide* notice. *See Mullane,* 339 U.S. at 314, 70 S.Ct. 652. Thus, in *Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the Supreme Court rejected the petitioner's argument that due process requires actual receipt of notice by an inmate and upheld the Board of Prison's policy that allowed prison officers to sign for mail

---

**2.** Under Tennessee law, a rebuttable presumption that mail was received may arise upon proof that the letter was properly addressed, properly stamped, and duly deposited with the post office. *Warmath v. Payne,* 3 S.W.3d 487, 492 (Tenn.Ct.App.1999). Here, the trial court found that the letter was received and discarded by Wilson's estranged ex-wife.

addressed to inmates. 534 U.S. at 172–73, 122 S.Ct. 694.

The terminology attendant upon this issue has, unfortunately, led to some confusion. "Actual notice" has been used both (1) to distinguish notice by personal service or service by mail from "constructive service" and (2) to refer to actual receipt of notice by a party. *See id.* at 169 n. 5, 122 S.Ct. 694. This confusion has led our intermediate appellate court to misstate the rule announced in *Mennonite,* which requires "the State to *make efforts* to provide actual notice." *Mennonite,* 462 U.S. at 796 n. 3, 103 S.Ct. 2706. For instance, in *Freeman v. City of Kingsport,* 926 S.W.2d 247 (Tenn.Ct.App.1996), the court misconstrued *Mennonite* to hold that "actual notice is required if the interested party's name and address are reasonably ascertainable." 926 S.W.2d at 250; *see also Bullington v. Greene County,* 88 S.W.3d 571, 577 (Tenn.Ct.App.2002); *Warmath v. Payne,* 3 S.W.3d 487, 492 (Tenn.Ct.App. 1999); *Sunburst Bank v. Patterson,* 971 S.W.2d 1, 5 (Tenn.Ct.App.1997); *Morrow v. Bobbitt,* 943 S.W.2d 384, 391 (Tenn.Ct. App.1996).

■ We reiterate that the proper inquiry is whether the government took such actions to notify the party as are "reasonably calculated to apprise him" of the proceeding. *Mullane,* 339 U.S. at 314, 70 S.Ct. 652. In tax lien suits, the government must provide "notice by mail or other means to ensure actual notice ... if [the party's] name and address are reasonably ascertainable." *Mennonite,* 462 U.S. at 800, 103 S.Ct. 2706. When the party's name and address are "reasonably ascertainable," constructive notice alone is not constitutionally adequate. *Mennonite,* 462 U.S. at 798, 103 S.Ct. 2706. In this case, Blount County had Wilson's name and his post office address. To comply with due process requirements, Blount County should have mailed the summonses or other adequate notice to Wilson.

### Conclusion

When notice is due, "process which is a mere gesture is not due process." *Mullane,* 339 U.S. at 315, 70 S.Ct. 652. Except to send a courtesy letter to encourage Wilson to receive process in person, Blount County did nothing to attempt to give Wilson actual notice of the tax lien suit before it sold his land in a tax sale. Tennessee statutes and due process require that Blount County do something more. The notice given did not comply with Tennessee Code Annotated section 21–1–203 because the Blount County Sheriff's Department did not exercise due diligence before returning the summonses "not to be found," and the notice did not comply with due process requirements under *Mullane* because it was not reasonably calculated to apprise Wilson of the tax lien suit. For these reasons, we hold that the notice in this case was inadequate. The judgment of the Court of Appeals is affirmed.

We remand the case to the Trial Court to determine whether Wilson is owed damages under 42 U.S.C. § 1983 for a violation of his due process rights. Costs of this appeal are taxed to the appellant, Blount County, for which execution may issue if necessary.