

FILED

06/12/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2017

## MICHAEL G. BREAKEY, ET AL. v. SEQUATCHIE COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Sequatchie County**
**No. 2414      Jeffrey F. Stewart, Judge**

_____

**No. M2016-01504-COA-R3-CV**

_____

Appellees /taxpayers filed suit against Sequatchie County, seeking to set aside the tax sale of their property. As grounds, Appellees alleged that they were not afforded due process and were never notified of the delinquent tax action. The trial court ruled in favor of the taxpayers and set aside the tax sale due to lack of notice sufficient to provide due process. Sequatchie County appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and W. NEAL MCBRAYER, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, Sequatchie County, Tennessee.

Alexander K. McVeagh and Logan C. Threadgill, Chattanooga, Tennessee, for the appellees Michael G. Breakey and Angela L. Breakey.

M. Keith Davis, Dunlap, Tennessee, for the appellees, Rayburn D. Layne and Rhonda L. Layne.

## OPINION

### I.      Background

In 2003, Michael G. Breakey and Angela L. Breakey (together "Appellees")

purchased approximately 10.8 acres of unimproved land in Sequatchie County, Tennessee ("Appellant"). As an officer of the United States Air Force ("USAF"), Mr. Breakey was stationed in various locations, both within the United States and abroad. As the Breakeys relocated to various locations, they would notify the Sequatchie County Trustee's Office of their new address. The Appellees timely paid their taxes from 2004 through 2007. In August 2007, when Mr. Breakey retired from the USAF, the Breakeys moved from Shalimar, Florida to Chattanooga, Tennessee.

When Sequatchie County mailed its tax notices in October 2007, the mail was forwarded to the Breakeys in Chattanooga. Mr. Breakey testified that he promptly paid his 2007 property taxes and that he enclosed a change of address with his tax payment. Although Sequatchie County disputed that Mr. Breakey included a change of address notification with his 2007 payment, the County sent a receipt for the payment to Mr. Breakey at his Chattanooga address. Additionally, the County trustee, Mr. Larry Lockhart (Trustee) testified that his office kept a copy of the Breakeys' check, which listed their Chattanooga address, in the County's files for two years after the check was received. The evidence showed that, from 2008 through 2012, Sequatchie County continued to mail notices of the tax bill to the Breakeys at their former address in Shalimar, Florida. The Breakeys never received these notices. Instead, the notices were returned to the Sequatchie County trustee's office marked "Return to Sender – Not Deliverable as Addressed- Unable to Forward." Because the Breakeys had not paid the assessed taxes for the years 2008, 2009, and 2010, Sequatchie County initiated delinquent tax proceedings.

The Sequatchie County trustee referred the delinquent taxes to the Clerk & Master to enforce the tax lien and to collect the unpaid taxes in accordance with standard procedures. The Clerk & Master filed suit on behalf of Sequatchie County and issued process through the Secretary of State to the Breakeys' Shalimar, Florida address. Each notice and process was returned by the Secretary of State as "not deliverable as addressed" or "attempted not known." After process was returned, the Clerk & Master obtained orders of publication and published notice for four consecutive weeks in the *Dunlap Tribune*, which is the local newspaper in Sequatchie County. Default judgment was entered against Mr. and Mrs. Breakey in the delinquent tax actions, and a tax sale was held on January 24, 2013. The Clerk and Master sent a letter via registered mail to the Breakeys at the Shalimar, Florida address, notifying them of the sale scheduled for January 24, 2013. This letter was also returned as undeliverable.

In February 2012, Mr. Breakey found a website, which was maintained by the State of Tennessee; the website permitted users to pay 2011 property taxes by credit card. Mr. Breakey testified that once he made his payment, the webpage receipt showed zero dollars due and owing (the receipt was specifically for the tax year 2011). Unbeknownst to Mr. Breakey, there were delinquent tax actions pending for tax years 2008 and 2009 at the time he paid his 2011 taxes. It is unclear whether the website would allow Mr.

Breakey to access taxes that were due and owing from previous years. Sequatchie County provided the tax payment report received from the statewide website. The report contains all of the payments made for property taxes in Sequatchie County from January 1, 2012 through March 1, 2012, including Mr. Breakey's payment of property taxes for 2011. The report does not contain Mr. Breakey's credit card information or billing address. However, there was no testimony in the record that the trustee's office ever requested the Breakeys' address or that the information was unavailable to the trustee.

The Breakeys' property was sold at the January 24, 2013 tax sale to Rayburn and Rhonda Layne for $3,448.00. As the purchaser at the delinquent tax sale the Laynes paid additional sums, including taxes assessed against the property for the tax sale years 2012, 2013, 2014, and 2015 property taxes, fees for preparation and recordation of the tax deed, and dues to the Fredonia Mountain Nature Resort Homeowners Association. All of these expenses totaled $3,048.46, which the Laynes paid in addition to the purchase price. The appraised value of the property was approximately $111,000. The Clerk & Master prepared a Report of Sale and filed his report in this action on February 5, 2013. Thereafter, an order was entered on February 14, 2013 confirming the sale. In July 2014, the Breakeys discovered that the property had been sold.

In November 2014, nineteen months after the entry of the order confirming the tax sale, and after the statutory redemption period expired, the Breakeys filed a complaint to set aside the tax sale. The Breakeys averred that they were deprived of due process, under the Fourteenth Amendment to the United States Constitution, and that Sequatchie County had violated several state statutes by failing to notify the Breakeys of the delinquent tax action and the subsequent sale of their property. The Breakeys requested that the trial court set aside the order confirming the tax sale and to restore ownership of their property to them; the Breakeys also asked for attorneys' fees. The Laynes filed a cross-claim against Sequatchie County to recover the purchase price and additional expenses. Thereafter, the Laynes amended their pleadings to assert a counter-complaint against the Appellees to quiet title to the real property. The case was heard on February 18, 2016. On March 29, 2016, the trial court announced its ruling setting aside the tax sale for lack of notice sufficient to satisfy due process. An order entered on July 12, 2016 also restored the Appellees as owners of the real property and awarded the Laynes certain costs and expenses incurred in connection with the purchase of the property. Sequatchie County appeals.

## II. Issues

Appellant raises one issue for review as stated in its brief:

Whether the trial court erred in setting aside the January 24, 2013 delinquent tax sale conducted by the Appellant, Sequatchie County, Tennessee of the unimproved real property of the Appellees, Michael G. Breakey and Angela L. Breakey, and finding said sale void for lack of

notice sufficient to provide due process to said Appellees.

The Breakeys raise the issue of whether the trial court erred in failing to award attorneys' fees pursuant to 42 USC § 1983 and 1988.

### III. Standard of Review

Our review of this case is de novo on the record with a presumption of correctness of the findings of fact by the trial court. Tenn. R. App. P. 13(d). Absent error of law, the trial court's decision will be affirmed, unless the evidence preponderates against the factual findings. *Id.* No presumption of correctness attaches to the trial court's conclusions of law. *Wilson v. Blount Cty*., 207 S.W.3d 741, 745 (Tenn. 2006); s*ee Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

### IV. Analysis

County governments are authorized to levy taxes on real property. Tenn. Code Ann. § 67-5-102. These taxes are due and payable on the first Monday in October of each year. Tenn. Code Ann. § 67-1-701. Property owners in Tennessee are charged with the knowledge both that their property is subject to taxation and that property taxes are due each year. *Davidson Pabts, LLC v. Worsham*, No. M2014-01061-COA-R3-CV, 2015 WL 4115174, at *4 (Tenn. Ct. App. May 18, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015) (citing *Marlowe v. Kingdom Hall of Jehovah's Witnesses,* 541 S.W.2d 121, 124 (Tenn. 1976)). If a property owner fails to pay taxes, the government shall file suit to collect them, Tenn. Code Ann. § 67-5-2405, and if taxes remain unpaid, the court has the authority to sell the property. Tenn. Code Ann. §§ 67-5-2005 and 67-5-2501.

The procedure for notifying parties when their property is sold by court decree is outlined in Tennessee Code Annotated Section 67-5-2502. In the event of a sale under a decree of the court, notice of the sale "is governed by the Tennessee Rules of Civil Procedure, and may be forwarded to the address of an owner of the property that is on record in the office of the assessor of property." Tenn. Code Ann. § 67-5-2502(a)(3). As the statute makes clear, "[i]t is the responsibility of the property owner to register the property owner's name and address with the assessor of property of the county in which the land lies." Tenn. Code Ann. § 67-5-2502(b); *Davidson Pabts*, 2015 WL 4115174, at *5. However, the common knowledge that property may become subject to government taking when taxes are not paid does not excuse the government from complying with its constitutional obligation to provide notice before taking private property. *Jones v. Flowers*, 547 U.S. 220, 232-33 (2006). An interested party's "knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983).

Sequatchie County contends that it followed standard procedure and that it was the

- 4 -

Breakeys' responsibility to ensure that the tax assessor had their correct address. At trial, Mr. Breakey testified that on numerous occasions he notified Sequatchie County of his current address in Chattanooga, Tennessee. This testimony was disputed by the Trustee, who testified that he had no knowledge that his office ever received a request from the Breakeys to change their address. The trial court found that "the taxpayers' failure to provide Sequatchie County with a current address did not relieve Sequatchie County of its constitutional obligation to provide such notice as would be reasonably calculated to apprise Mr. and Mrs. Breakey of the pending tax sale." The trial court further found that "the Breakeys were entitled as a matter of law to due process before Sequatchie County took their real property by a tax sale, and that such process had to be sufficient to reasonably be calculated to apprise Mr. and Mrs. Breakey of the pending taking of their property for delinquent taxes."

In *Jones v. Flowers*, 547 U.S. 220 (2006), the Supreme Court held "that when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Flowers*, 547 U.S. at 225. Although the Supreme Court did not provide an exhaustive list of reasonable steps, it concluded that the "notice required will vary with circumstances and conditions." *Id.* at 227 (quoting *Walker v. City of Hutchinson*, 352 U.S. 112, 115 (1956)).

Before taking an action that will affect an interest in property, a state must attempt to provide notice to the parties involved in order to satisfy due process. *See Mennonite,* 462 U.S. at 795 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In a tax sale, the government entity must provide notice by mail "or other means as certain to ensure actual notice ... if [the party's] name and address are reasonably ascertainable." *Id.* at 800; *see also Wilson v. Blount County,* 207 S.W.3d 741, 750 (Tenn. 2006). However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Flowers,* 547 U.S. at 226 (citing *Dusenbery v. U.S.,* 534 U.S. 161, 170 (2002)). Instead, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action...." *Id.* (quoting *Mullane,* 339 U.S. at 314); *see also Wilson,* 207 S.W.3d at 749 ("To be clear, due process does not require that a party *receive* actual notice; it requires only that the government choose a method of notification that is reasonably calculated to *provide* notice.") (emphasis in original). "[T]he proper inquiry is whether the government took such actions to notify the party as are 'reasonably calculated to apprise him' of the proceeding." *Wilson,* 207 S.W.3d at 750 (quoting *Mullane,* 339 U.S. at 314); s*ee also Davidson Pabts,* 2015 WL 4115174, at *5.

Sequatchie County argues that this case is analogous to *Keymarket of Ohio, LLC v. Keller*, No. 2:08-CV-325, 2013 WL 6000922, at *7 (S.D. Ohio Nov. 12, 2013). In *Keymarket*, the notices sent, by both certified and ordinary mail, came back undeliverable. Although the Supreme Court in *Flowers* suggested posting the notice on

the door of the home on the property, *Flowers*, 547 U.S. at 235, in *Keymarket*, as in this case, there was no home located on the property. *Keymarket,* 2013 WL 6000922, at \*7. Ultimately, the *Keymarket* Court decided that "Jefferson County took the necessary steps to get notice to Keymarket in every reasonable way, through certified mail, and three separate published notices in the newspaper. Because no other 'additional reasonable steps' were available to Keymarket, the County's efforts provided Keymarket adequate notice." *Keymarket*, 2013 WL 6000922, at \*7.

The question in the instant appeal is whether there were other reasonable steps available to Sequatchie County to attempt to provide notice to the Breakeys. In its order setting aside the tax sale, the trial court relied on *Wilson v. Blount County*, 207 S.W.3d, 741 (Tenn. 2006) in determining that due process requires that notices sent to a taxpayer should be "reasonably calculated to apprise" the taxpayer of the unpaid taxes and tax sale suit. *Id.* at 750. Although the trial court did not specifically identify what notice must be given to satisfy the "reasonably calculated to apprise a tax payer" criterion, it noted that the notices sent to the Breakeys in Shalimar, Florida had been returned undeliverable for several years. Additionally, the Trustee testified that his office had retained a check with the Breakeys' Chattanooga address, but that the County made no effort to send notice to that Chattanooga address. The trial court found that the Breakeys check provided Sequatchie County with an additional means to properly notify the Breakeys. Furthermore, the trial court found that "a red flag should have gone up when the 2011 taxes were paid [online]. . . .a duty to give notice reasonably calculated to apprise the Breakeys should have been triggered. Their correct address should have been reasonably ascertainable." Based on these facts, the trial court found that Sequatchie County did not provide such notice as would be reasonably calculated to apprise the Breakeys of the pending tax sale.

To effectuate the required notice, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950). Significantly, "[w]here the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." *Wilson v. Blount Cty*., 207 S.W.3d 741, 748 (Tenn. 2006) (quoting *Mullane,* 339 U.S. at 318). In *Flowers*, the Supreme Court opined that the state

> had good reason to suspect when the notice was returned that Jones was no better off than if the notice had never been sent. Deciding to take no further action is not what someone desirous of actually informing Jones would do; such a person would take further reasonable steps if any were available.

*Flowers*, 547 U.S. at 230 (internal citations omitted). The Court concluded that "under the circumstances presented, the State cannot simply ignore . . . [the fact that Jones had

not received notice] in proceeding to take and sell the owner's property." *Id.* at 237.

What steps are reasonable in response to new information depends on what the new information reveals. *Flowers*, 547 U.S. at 234. Here, the trial court weighed the evidence and determined that the means of ascertaining the Breakeys' correct address was contained in the County's own files. Although the Trustee testified that his office only keeps checks for two years, the Breakeys' check would have been in the file when the notices for 2008 and 2009 were returned. The trial court also determined that it would have been reasonable for the County to check the billing address for the online payment it received in February 2012, which was prior to the sale of the Breakeys' property. The evidence does not preponderate against the findings by the trial court.

When notice is due, "process which is a mere gesture is not due process." *Wilson*, 207 S.W.3d at 750 (Tenn. 2006) (quoting *Mullane*, 339 U.S. at 315). There is no question that the Breakeys should have been more diligent with respect to timely paying their property taxes. People must pay their taxes, and the government may hold citizens accountable for tax delinquency by taking their property. But before forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking. U.S. Const., Amdt. 14; *Mennonite*, 462 U.S. at 799; *Flowers*, 547 U.S. at 234. We affirm the trial court's findings that the notice provided by the Sequatchie County State did not comport with the requirements of due process because the County did not undertake other reasonable steps to ascertain the Breakeys' address and provide proper notice of its intent to sell their property.

**Attorneys' fees**

In their sole issue, the Breakeys contend that the trial court erred in not granting their attorneys' fees pursuant to 42 USC §§1983 and 1988. Specifically, the Breakeys argue that these statutory provisions entitle a prevailing party to recover their reasonable attorneys' fees. However, the statute states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C.A. § 1988. Clearly, the plain language of the statute gives the trial court discretion concerning whether to award attorneys' fees.

We review the trial court's ruling on attorney's fees under an abuse of discretion standard. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166 (Tenn. 2011). We will find an abuse of discretion only if the court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party. *Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010); *see also Konvalinka v. Chattanooga– Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

In denying the Breakeys' request for attorneys' fees, the trial court stated that such

award would be "unjust" and that the Breakeys had "some duty upon them to have seen to it that things were done and . . . they have some culpability in this as well." As we have previously stated, property owners in Tennessee are charged with the knowledge both that their property is subject to taxation and that property taxes are due each year. *Davidson Pabts,* 2015 WL 4115174, at \*4 (citing *Marlowe,* 541 S.W.2d at 124). Here, the evidence does not preponderate against the trial court's determination that the Breakeys have some culpability in failing to ensure that their property taxes were paid. But for the failure of the Breakeys to pay their property taxes in a timely manner, their land would not have been sold. Accordingly, we cannot conclude that the trial court abused its discretion in denying the Breakeys' request for attorneys' fees.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Sequatchie County, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE